# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO, CDCR #V-69078,<br><br>              Plaintiff,<br><br>vs.<br><br>STUART RYAN, et al.,<br><br>              Defendants. | Civil No.  07 CV 1373 JM (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $2.31 INITIAL PARTIAL FILING FEE, GARNISHING $347.69 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 4]; AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

      Plaintiff, Rodney Barno, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

////

**I.    Motion to Proceed IFP [Doc. No. 4]**

1    Effective April 9, 2006, all parties instituting any civil action, suit or proceeding
2 in a district court of the United States, except an application for writ of habeas corpus,
3 must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite
4 a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP
5 pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.
6 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the
7 entire fee in installments, regardless of whether the action is ultimately dismissed for any
8 reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

9    Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act
10 ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the
11 trust fund account statement (or institutional equivalent) for the prisoner for the six-
12 month period immediately preceding the filing of the complaint." 28 U.S.C. §
13 1915(a)(2). From the certified trust account statement, the Court must assess an initial
14 payment of 20% of (a) the average monthly deposits in the account for the past six
15 months, or (b) the average monthly balance in the account for the past six months,
16 whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1);
17 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect
18 subsequent payments, assessed at 20% of the preceding month's income, in any month
19 in which the prisoner's account exceeds $10, and forward those payments to the Court
20 until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

21    The Court finds that Plaintiff has submitted a certified copy of his trust account
22 statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust
23 account statement shows an average monthly balance and deposits of $11.54 and a
24 current available balance of $25.37. Based on this financial information, the Court
25 GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 4] and assesses an initial partial
26 filing fee of $2.31 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the
27 California Department of Corrections and Rehabilitation ("CDCR"), or his designee, shall
28 collect this initial fee *only if sufficient funds in Plaintiff's account are available at the*

*time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see*

1  *also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C.
2  § 1915A).

3  "[W]hen determining whether a complaint states a claim, a court must accept as
4  true all allegations of material fact and must construe those facts in the light most
5  favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting
6  that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").
7  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi
8  v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important
9  in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

10  **A.  Constitutional Claims**

11  Section 1983 imposes two essential proof requirements upon a claimant: (1) that
12  a person acting under color of state law committed the conduct at issue, and (2) that the
13  conduct deprived the claimant of some right, privilege, or immunity protected by the
14  Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451
15  U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327,
16  328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

17  The procedural guarantees of due process apply only when a constitutionally-
18  protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651,
19  672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Schroeder v. McDonald*,
20  55 F.3d 454, 462 (9th Cir. 1995). Liberty interests can arise from the Constitution or may
21  be created by state law or regulations. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983);
22  *Meachum v. Fano*, 427 U.S. 215, 224-27 (1976); *Wolff v. McDonnell*, 418 U.S. 539,
23  557-58 (1974); *Smith v. Sumner*, 994 F.2d 1401, 1405-06 (9th Cir. 1993). Plaintiff
24  cannot claim any constitutional right to a particular prison classification arising directly
25  from the Fourteenth Amendment. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

26  Plaintiff alleges that his due process rights were violated when the "R" suffix was
27  added to his classification which caused him to suffer "unnecessary physical, emotional
28  and psychological distress for approximately two full years pending [the] process to

correct it." (Compl. at 11.) In *Sandin v. Conner*, 515 U.S. 472 (1995) the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to the 'basic conditions' of life as a prisoner." *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (citing *Sandin*, 515 U.S. at 484); *McQuillion v. Duncan*, 306 F.3d 895, 902-03 (9th Cir. 2002) (noting that *Sandin* abandons the mandatory/permissive language analysis courts traditionally looked to when determining whether a state prison regulation created a liberty interest requiring due process protection).

Thus, after *Sandin*, a state-created liberty interest under the Due Process Clause of the Fourteenth Amendment arises only if the prisoner alleges facts which show a change in his confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). The *Sandin* test requires a case-by-case examination of both the conditions of the prisoner's confinement and the duration of the deprivation at issue. *Sandin*, 515 U.S. at 486. In short, Plaintiff must allege facts to show "a dramatic departure from the basic conditions" of his confinement before he can state a procedural due process claim. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

The Ninth Circuit has applied *Sandin's* procedural due process analysis to a claim similar to Plaintiff's. In *Neal*, the Court considered a due process challenge to Hawai'i's Sex Offender Treatment Program ("SOTP"), which labeled all persons in state custody convicted of specified sex crimes as "sex offenders" and compelled their participation in a psychoeducational treatment program as a pre-requisite to parole eligibility. *Neal*, 131 F.3d at 821-22. Applying *Sandin*, the district court concluded that the "labeling of [Neal] as a sex offender and any resultant impact on [his] custody level or eligibility for parole . . . [did] not impose 'atypical and significant' hardship" upon him. *Neal*, 131 F.3d at 828. The Ninth Circuit disagreed, however, finding that the "stigmatizing consequences

1. of the attachment of the 'sex offender' label coupled with the subjection of the targeted
2. inmate to a mandatory treatment program whose successful completion is a precondition
3. for parole eligibility create the kind of deprivations of liberty that require procedural
4. protections." *Id.* at 830 (emphasis added). The Ninth Circuit then concluded that, under
5. these circumstances, procedural safeguards similar to those set forth in *Wolff v.*
6. *McDonnell*, 418 U.S. 539 (1974) were required. *Id.* at 830-31.

7. Thus, *Neal* holds that "an inmate whom the prison intends to identify as a sex
8. offender" is entitled to "be notified of the reasons for his classification as a sex offender"
9. and to a hearing where he must be provided an opportunity to call witnesses (unless their
10. appearance would be unduly hazardous to institutional security or correctional goals), and
11. to "present documentary evidence in his defense." *Id.* Based on the allegations in
12. Plaintiff's Complaint, Plaintiff's R-suffix, without more, does not constitute a "dramatic
13. departure" from the basic conditions of prison life sufficient to create a protected liberty
14. interest, *Sandin*, 515 U.S. at 486. Here, Plaintiff admits that he received all the
15. procedural safeguards necessary to protect that interest. *See Neal*, 131 F.3d at 830-31.
16. Specifically, Plaintiff was provided written notification of his R-suffix classification
17. decision. (*See* Compl. at 12-13.) In addition, after he was transferred to Corcoran State
18. Prison, prison officials there assessed all the reports and determined that an R-suffix was
19. not warranted. (*Id.* at 13.) Thus, because Plaintiff "had an opportunity to formally
20. challenge the imposition of the 'sex offender' label in an adversarial setting," *Neal*, 131
21. F.3d at 831, and his R-suffix classification was initially supported by "some evidence,"
22. namely he received all the process he was due. *See Superintendent, Mass. Correctional*
23. *Inst. v. Hill*, 472 U.S. 445, 455 (1985) (once minimal procedural due process
24. requirements have been met, court's only remaining function is to determine whether
25. there is "some evidence" in the record to support the prison's administrative conclusions).

26. Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983
27. claim upon which relief may be granted, and is therefore subject to dismissal pursuant to
28.

28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.

**III. Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4] is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, is ordered to collect the $2.31 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the $347.69 balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

////

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint

1    which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint
2    must be complete in itself without reference to the superseded pleading. *See* S.D. Cal.
3    Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended
4    Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567
5    (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon
6    which relief may be granted, it may be dismissed without further leave to amend and
7    may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v.*
8    *Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

9        5.    The Clerk of the Court is directed to mail a form § 1983 complaint to
10    Plaintiff.

11    **IT IS SO ORDERED.**

13    DATED: October 4, 2007

                 Hon. Jeffrey T. Miller
                 United States District Judge