1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10 | RODNEY BERNARD BARNO, CDCR #V-          )   Civil No.07-cv-1373 JM (WMc)
   | 69078                                   )
11 |                                         )   **ORDER DENYING PLAINTIFF'S**
   |                     Plaintiff,          )   **MOTION FOR APPOINTMENT OF**
12 | v.                                      )   **COUNSEL PURSUANT TO**
   |                                         )   **28 U.S.C. § 1915(e)(1) [DOC. NO.17.]**
13 | STUART RYAN; JEAN WOODFORD;             )
   | CORTEZ, Correctional Counselor; HOMER,  )
14 | Correctional Counselor,                 )
   |                                         )
15 |                    Defendants.

16

17         Plaintiff, proceeding pro se and in forma pauperis ("IFP") with a civil rights Complaint

18 [Doc. No. 1] filed pursuant to 42 U.S.C. § 1983, and currently incarcerated at RJ Donovan

19 Correctional Facility, has submitted a motion in which he requests that the Court appoint counsel

20 for him pursuant to 28 U.S.C. § 1915(e)(1).  [Doc. No. 17.]

21         "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust

22 Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts

23 do not have the authority "to make coercive appointments of counsel." Mallard v. United States

24 District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Cur-

25 rency, 54 F.3d 564, 569 (9th Cir. 1995).

26 / / /

27 / / /

28

                                          1                            07cv1373 JM (WMc)

1    Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"
2    that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.
3    See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d
4    819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both
5    the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro
6    se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive
7    and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v.
8    Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

9    Plaintiff contends that he meets the exceptional circumstances showing because he has no
10   legal training and is confined in protective custody with limited access to legal materials.
11   (Plaintiff's Motion, Doc. No. 17, pp. 4-5.)  After an evaluation of: (1) the merits of Plaintiff's
12   case, wherein he alleges "deliberate indifference to classify or label Plaintiff a sexual predator
13   and restrict his visitation"; and (2) the ability of Plaintiff to articulate his claims, which are not
14   complex, the Court finds exceptional circumstances do not presently exist to warrant appoint-
15   ment of counsel at this time.  Specifically, it appears that Plaintiff has a sufficient grasp of his
16   case, the legal issues involved, and is able to adequately articulate the basis of his claims.  In
17   fact, Plaintiff's pro se pleading has survived the initial screening provisions of 28 U.S.C. §§
18   1915(e)(2) and 1915A(b), and Plaintiff has successfully filed the instant motion for
19   appointment of counsel and several motions thereafter including a motion for preliminary
20   injunction [Doc. No. 20.], for leave to file a second amended complaint and to strike discovery.
21   [Doc. Nos.31-32.]
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

07cv1373 JM (WMc)

1    **Conclusion and Order**

2        Accordingly, under the circumstances of this case, the Court finds that Plaintiff has failed

3    to plead facts sufficient to show the "exceptional circumstances" required for appointment of

4    counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's

5    Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 17].

6        **IT IS SO ORDERED.**

7    DATED:  April 28, 2008

8                                                      _____
                                                       Hon. William McCurine, Jr.
9                                                      U.S. Magistrate Judge, U.S. District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1373 JM (WMc)