UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO, CDCR #V-69078,<br><br>        Plaintiff,<br>v.<br><br>STUART RYAN; JEAN WOODFORD; CORTEZ, Correctional Counselor; HOMER, Correctional Counselor,<br><br>        Defendants. | Civil No.07-cv-1373 JM (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION [Doc. No. 20]** |

**I. Introduction**

In this prisoner civil rights case, Rodney Bernard Barno ("Plaintiff") is proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). Currently pending is Plaintiff's motion for preliminary injunction. [Doc. No. 20.] Defendants filed an opposition to Plaintiff's motion on May 13, 2008. [Doc. No. 39.] No reply has been filed.

Plaintiff seeks a preliminary injunction against the current Director of Corrections, Defendant John Dovey, J. Homer and P. Cortez to enjoin them from:

    1. Opening legal correspondence to and from the Court;

    2. Implying and/or classifying Plaintiff as a sexual offender;

    3. Conducting a retaliatory transfer of Plaintiff *in the future*; and

    4. Misplacing Plaintiff's legal materials and/or property *if* a transfer occurs.

(Plaintiff's Mtn. Pp. 1-3.)

For the reasons set forth below, Plaintiff's motion is **DENIED.**

**II. Factual Background**

Plaintiff alleges that on March 1, 2005, he was transferred from the San Diego County Jail to the R.J. Donovan Correctional Facility ("RJDCF") for intake and processing.  During his placement at the RJDCF, Plaintiff alleges correctional officer Defendant Cortez "made notations in plaintiff's C-file and altered official documents (Institutional Staff Recommendation Summary) alleging he has a sex crime with a minor and noted an 'R' suffix (sex offender designation) needs to be considered."  *See* First Amended Complaint ("FAC") at p. 6, para. 15.

On August 2, 2005, Plaintiff was transferred from RJDCF to Calipatria State Prison.  Plaintiff alleges that upon his arrival at Calipatria, he was placed in administrative segregation without access to his personal property and not given a copy of the California Code of Regulations.  (FAC at p.6, para.17.)  On August 18, 2005, Plaintiff was called before the Institution Classification Committee.  He does not recall being provided with prior written notice of the hearing.  (FAC, p. 6, para.18.)  As a result of the hearing, Plaintiff alleges the warden of Calipatria, Defendant Ryan, placed an "R"suffix on Plaintiff's C-file and restricted his visits with minors until a copy of the arrest report describing the conduct in question could be ordered and reviewed.  (FAC, pp. 6-7, para.18.)  The August 18, 2005, Institutional Classification Committee Report reads:

> "Upon review of the ISRS, the sending Institution is requesting that the receiving Institution evaluate Inmate for possible "R" suffix.  Upon review of the POR (Probation Officer's Report), page 13, it is documented Inmate Barno had sexual intercourse with a minor, documenting threats and violence to the Victim.  Upon further review of the central file, it is noted this resulted in an arrest for PC 646.9(a) Stalking and PC 422 Threaten Crime with Intent to Terrorize.  In mate was retained for 30 days in County Jail and released due to lack of evidence.  On 08/09/2005, a CDC 850 was completed requesting the Arrest Report for further review and evaluation for "R" suffix.  As a result, committee elects to restrict visiting with Minors and notes that upon receipt of the arrest report, an "R" suffix review will be conducted."

*See* FAC, Exh.5, p.1.

On September 8, 2005, Plaintiff was transferred to the California Substance Abuse Treatment Facility ("CSATF").  (FAC, p. 8, para. 22.)  On or about, September 20, 2005, the classification

committee reviewed the requested arrest report and determined that no "R" suffix was required. *Id*. On November 16, 2005 the classification committee removed the visiting restriction with minors. (FAC, p.8, para. 23.)

### III. Standard

In order to prevail on a request for injunctive relief, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *See Coalition for Economic Equity v. Wilson*, 122 F.3d 692, 700 (9th Cir. 1997); *Oakland Tribune v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune*, 762 F.2d at 1376. In the absence of a significant showing of possible irreparable harm, the Court need not reach the issue of likelihood of success on the merits. *Id*.

### IV. Discussion

**A. Prison Mail**

Plaintiff alleges generally that prison officials variously open his legal mail. (Plaintiff's Mtn at p.1; Plaintiff's Decl. pp.2-3.) Specifically, Plaintiff contends that prison officials opened his Complaint when it was mailed for filing with the court in July of 2007. (Plaintiff's Mtn at p.1.) Here, plaintiff has failed to show a likelihood of success on the merits or the possibility of irreparable injury. Plaintiff's complaint was filed, received and docketed by the court on July 26, 2007. (*See* Doc. No. 1.) Moreover, Plaintiff fails to address how the opening of his Complaint or alleged opening of other pieces of legal mail have impeded his access to the court where he has been able to file the instant motion for preliminary injunction and several other legal briefs. There is no nexus the Court can see at this point between the alleged opening of Plaintiff's mail by prison officials and the merits of this case which involve the erroneous classification of Plaintiff during intake into the prison community.

The Court also notes that "prison officials may examine the communications of a prisoner without infringing upon his rights." *United States v. Wilson*, 447 F.2d 1, 8 n.4 (9th Cir. 1971). Moreover, mail to and from the courts is not considered legal mail because such mail constitutes a publically available document. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Plaintiff's request

for a preliminary injunction as to the handling of his mail by prison officials is, therefore, **DENIED** for failure to demonstrate likelihood of success on the merits, irreparable injury, or that serious questions regarding the merits of his claim have been raised.

**B. Characterization and/or Classification of Plaintiff As a Sex Offender**

Plaintiff requests an injunction to prevent Defendants Dovey, Homer and Cortez from "using any allegations implying Plaintiff is a sexual offender endangering his personal safety while in the custody of the Department of Corrections." (Plaintiff's Mtn. at p. 2.)  "Courts generally do look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991).  Plaintiff has failed to show the immediate threatened injury or irreparable harm required for issuance of a preliminary injunction.  Plaintiff's mistaken classification as a potential sex offender and temporary restriction on visitation with minors as a result was removed on November 16, 2005 by the California Substance Abuse Treatment Facility ("CSATF") classification committee. (FAC, p.8, para. 23.)  Although Plaintiff alleges that this mistaken classification is following him to new institutions and threatens his safety among other inmates, he alleges no threats or incidents in support. (FAC, p.10, para. 31.)  Plaintiff alleges only that a sex offender "designation 'in the prison world' is not likely to go without physical injury." (FAC, Doc. No. 11, p.15 at para. 49.)  Plaintiff fails to allege any facts to support his assertion that in the three years since the misleading Institutional Staff Recommendation Summary was created, he has been or presently is at risk for physical injury.  In fact, there is no information to indicate that his fellow inmates are even aware of the inaccuracies Plaintiff believes are contained in his C-file.  As noted above, Plaintiff has not alleged any specific injury other than a speculative fear of physical injury resulting from the notations in his C-file.  There does not appear to be any imminent or immediate injury confronting Plaintiff.  Accordingly, Plaintiff's request for a preliminary injunction as to classification is **DENIED.**

**C. Retaliatory Transfer**

Plaintiff requests the Court prohibit Plaintiff's transfer from the R.J. Donovan Correctional Facility by surmising that any future transfer would be in retaliation for his filing of the instant motion. (Plaintiff's Mtn., p. 2.)  As noted above, a preliminary injunction may issue upon a showing of

1 irreparable injury.  *See Coalition for Economic Equity v. Wilson*, 122 F.3d 692, 700 (9th Cir. 1997).  An
2 irreparable injury is defined as actual harm or the imminent threat of actual harm.  *Los Angeles*
3 *Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).  A
4 threat of harm is not imminent if it is based on remote possibilities or speculation.  *Caribbean Marine*
5 *Services Co. v. Baldridge,* 844 F. 2d 668, 675 (9th Cir. 1988).  The simple possibility that Plaintiff may
6 be transferred to another institution in the future is insufficient to support an injunction request.
7 Moreover, federal courts, in general, may not interfere with the day-to-day operations of prisons.  *See*
8 *Turner v. Safley*, 482 U.S. 78 (1987).  The placement of inmates in prison facilities and the transfer of
9 inmates between facilities is a matter of security and other considerations distinctly within the province
10 of prison officials.  Plaintiff only speculates that he may suffer a future transfer in retaliation for the
11 instant motion and has not shown any concrete evidence of an imminent and retaliatory transfer.
12 Indeed, Defendants confirm that Plaintiff is not currently on a transfer list.  (Decl. Of P. Cortez,
13 para.12.)  Plaintiff's request for a preliminary injunction as to a possible retaliatory transfer is **DENIED.**

14 **D. Preventing Lost Property**

15 Building on the speculation that he may be the subject of a retaliatory transfer at some time in
16 the future, Plaintiff also requests an injunction from the Court to prevent Defendants from losing his
17 property during the transfer. (Plaintiff's Mtn., p.3.)  As explained in Section C above, "speculative
18 injury does not constitute irreparable injury."  *Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 472
19 (9th Cir. 1984).  Because Plaintiff's request to enjoin Defendants from losing property during a transfer
20 at some undefined point in the future is unsupported and speculative, Plaintiff's request for a prelimi-
21 nary injunction to prohibit the loss of property is **DENIED.**

22 **V . Conclusion**

23 For all the reasons set forth above, Plaintiff's motion for preliminary injunction is **DENIED**.

24 **IT IS SO ORDERED:**

25 DATED:  August 22, 2008

26

27 Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

28