UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO, CDCR #V-69078,<br><br>    Plaintiff,<br><br>vs.<br><br><br>STUART RYAN; JEAN WOODFORD; CORTEZ, Correctional Counselor; HOMER, Correctional Counselor,<br><br>    Defendants. | CASE NO. 07-CV-1373 JM (WMC)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**<br><br>**Doc. Nos. 34 and 47** |

Rodney Bernard Barno ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a First Amended Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 alleging violations of the First, Eighth, and Fourteenth Amendments of the U.S. Constitution. (Doc. No. 11.) On April 28, 2008, Defendants filed a Motion to Dismiss and a Motion to Strike the Complaint. (Doc. No. 34.) Following a timely opposition from Plaintiff (Doc. No. 41) and reply from Defendants (Doc. No. 42), Magistrate Judge William McCurine issued a Report and Recommendation ("R&R", Doc. No. 47). The R&R recommended granting in part and denying in part Defendants' Motion to Dismiss, granting leave to amend only on the Eighth Amendment claim for failure to train against Defendant Dovey.[1]

---

[1] Defendant Dovey is the current director of the California Department of Corrections. Named defendant Jean Woodford held that post at the time Plaintiff's original complaint was filed.

- 1 -                                                                                                               07cv1373

Plaintiff filed objections to the R&R on August 28, 2008 (Doc. No. 52), and Defendants filed a reply on September 11, 2008 (Doc. No. 53).

The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636. The court "shall make a de novo determination of those portions of the report...to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); U.S. v. Raddatz, 447 U.S. 667, 673-74 (1980). Having carefully considered the R&R, the record before the court, and the applicable authorities, the court **ADOPTS** the R&R as modified below.

## I. BACKGROUND

Plaintiff's Complaint alleged: (1) Defendants' conduct of placing an "improper sex offender" designation[2] on Plaintiff's central file constituted deliberate indifference to Plaintiff's safety and cruel and unusual punishment in violation of the Eighth Amendment; (2) Defendants deprived Plaintiff of his Fourteenth Amendment right to due process; and (3) Plaintiff's First Amendment rights to freedom of speech and freedom of association were curtailed by Defendants' conduct. The court hereby incorporates by reference the R&R's statement of the facts alleged in the Complaint.

The R&R recommends the court take the following actions:

1. Find that Plaintiff fails to state an Eighth Amendment claim for failure to protect, and deny leave to amend.

2. Find that Plaintiff fails to state an Eighth Amendment claim for failure to train against Defendant Dovey, but grant leave to amend.

3. Find that Plaintiff fails to state a Fourteenth Amendment due process claim with respect to temporary visiting restrictions, prison jobs, and loss of personal property, and deny leave to amend.

4. Find that Plaintiff fails to state a First Amendment claim for violation of freedom of

---

[2] Although Plaintiff contends he was classified as a "sexual offender," the record indicates he was merely slated for *evaluation* as a sexual offender and any "R" designation was temporary pending review of relevant arrest reports.

|   |   |   |
|---|---|---|
| 1 |   | association and freedom of speech, and deny leave to amend. |
| 2 | 5. | Deny without prejudice Defendants' request for qualified immunity at this stage of the |
| 3 |   | proceedings. |
| 4 | 6. | Dismiss Plaintiff's claim for punitive damages for failure to allege facts demonstrating |
| 5 |   | evil motive or intent. |
| 6 | 7. | Grant Defendants' motion to strike Plaintiff's prayer for relief against the California |
| 7 |   | Department of Corrections and Rehabilitation ("CDCR"), a non-defendant in the |
| 8 |   | action. |

## II. DISCUSSION

For the reasons presented below, the court adopts the findings and conclusions of the R&R with modifications to the extent that leave to amend is denied with respect to Plaintiff's Eighth Amendment failure to train claim (No. 2) and is granted with respect to Plaintiff's Fourteenth Amendment due process claim (No. 3).

### A. Eighth Amendment Claims

Plaintiff claims his temporary misclassification as a sexual offender subjected him to a serious risk of harm and Defendants' alleged refusal to remove any reference to the classification in his central file constitutes ongoing deliberate indifference to his safety. Even assuming Plaintiff was classified as a sexual offender, "misclassification does not itself inflict pain within the meaning of the Eighth Amendment." Hoptowit v. Ray, 682 F.2d 1237, 1255-56 (9th Cir. 1982). Further, the court agrees with the conclusions of the R&R that Plaintiff has failed to show he has been subject to or is at risk of any other specific harm sufficient to support an Eighth Amendment claim.[3] That other inmates might find out about Plaintiff's classification history is a possibility created by his own conduct, not that of prison officials.[4]

---

[3] To support an Eighth Amendment claim, Plaintiff must show the conditions present "unquestioned and serious deprivations of basic human needs." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

[4] Plaintiff expresses concern that if other inmates find out about his classification, he will be at risk of harm. However, he alleges no conduct by prison officials that has or is likely to lead to such a revelation. In fact, the mechanism Plaintiff mentions for such a disclosure comes from his own

1   Plaintiff presented no objections on his failure to train claim against Defendant Dovey, and
2   waived litigation on this point. (Doc. No. 52 at 4.) The court construes the waiver as a request for
3   dismissal of the failure to train claim.

### B.     Fourteenth Amendment Claim

To state a Fourteenth Amendment due process claim, a prisoner must allege: (1) a life, liberty, or property interest existed which has been subject to interference by the state; and (2) the procedures attendant upon the deprivation were constitutionally insufficient. Ky. Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). To invoke due process protections, a prisoner must show "consequences visited on [him] that are qualitatively different from the punishment characteristically suffered by a person convicted of crime." Vitek v. Jones, 445 U.S. 480, 493 (1980). The plaintiff must show conditions which "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff claims he was denied due process when he was misclassified as a sexual offender without notice and without an opportunity to respond at his Institutional Classification Committee hearing. Plaintiff argues the classification and the resulting temporary administrative segregation and restrictions on visitation with minors together constituted deprivation of a liberty interest contemplated by the Fourteenth Amendment. However, "withdrawal of visitation privileges for a limited period...is not a dramatic departure from accepted standards for conditions of confinement." Overton v. Bazzetta, 539 U.S. 126, 137 (2003). Stated another way, "being deprived from visiting with minors is not an atypical deprivation or significant hardship in the course of prison life." (R&R at 12.) Thus, "Plaintiff's interests in being temporarily restricted from visiting with minors until an R suffix evaluation could be conducted is not a constitutionally protected liberty interest and no further process was required." (R&R at 12.)

Although the alleged facts fail to support a due process claim, the court grants Plaintiff leave to amend. In doing so, Plaintiff must demonstrate a constitutionally-protected interest was affected by his initial misclassification. Plaintiff's classification, commitment to administrative segregation,

---

conduct; he contends he was not allowed special "Judicial Exception" access to the prison library unless the R&R was copied by another inmate and stored there.

and temporarily restricted visitation rights do not provide bases for recovery under the Fourteenth Amendment. Cooper v. Garcia, 55 F.Supp.2d 1090, 1102 (S.D. Cal. 1999); Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997). If Plaintiff chooses to amend, Plaintiff must allege facts, such as particular conditions of his administrative segregation or other coercive treatment, to show an "atypical and significant hardship" resulted from the misclassification process.

### C. First Amendment Claims

With respect to Plaintiff's First Amendment claims regarding freedom of speech and freedom of association, Plaintiff presented no objections to the R&R and waived litigation on these issues. (Doc. No. 52 at 4,5.) The court construes the waiver as a request for dismissal of the First Amendment claims.

### D. Additional Motions and Requests

The court adopts the recommendations of the R&R with respect to Defendants' request for qualified immunity at this stage of the proceedings, motion to strike Plaintiff's claim for punitive damages for failure to allege facts demonstrating evil motive or intent, and motion to strike Plaintiff's prayer for relief against the California Department of Corrections and Rehabilitation, a non-defendant in the action.

The court observes Plaintiff also requests this court provide him with injunctive relief and order Defendants to remove any documents in his central file related to his mistaken classification as a potential sexual offender, visitation restrictions, and evaluation proceedings. (Doc. No. 11 at 25.) The court relies on the documentary evidence provided by both parties, which indicates Plaintiff was properly slated for "R" status evaluation by the Institution Classification Committee, regardless of whether he had in fact been convicted of a sex crime. To the extent Plaintiff's file reflects the history of proceedings with respect to his temporary status and subsequent sexual offender evaluation, the court declines the request for injunctive relief as moot. (See Doc. Nos. 51 and 54.) Even if the information contained therein is erroneous, Plaintiff has not met his burden in demonstrating a resulting constitutional violation. See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (citing Olim v. Wakinekona, 461 U.S. 238, 250-251 (1983), remaining citations omitted) ("The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or

unreliable results imperil a protected liberty...interest.")

## III. CONCLUSION

For the foregoing reasons, the court hereby adopts the findings and recommendations of the R&R as modified. Accordingly, the court orders the following:

1. Defendants' motion to dismiss is GRANTED with respect to Plaintiff's Eighth Amendment claims, without leave to amend.

2. Defendants' motion to dismiss is GRANTED with respect to Plaintiff's Fourteenth Amendment due process claim, with leave to amend.

3. Defendants' motion to dismiss is GRANTED with respect to Plaintiff's First Amendment claim for violation of freedom of association and freedom of speech, without leave to amend.

5. Defendants' request for qualified immunity is DENIED without prejudice.

6. Defendant's motion to strike Plaintiff's claim for punitive damages is GRANTED, without leave to amend.

7. Defendants' motion to strike Plaintiff's prayer for relief against the California Department of Corrections and Rehabilitation is GRANTED.

If Plaintiff wishes to file an amended complaint, he must do so **no later than 45 days** from the date on which this order is filed. Plaintiff may address only the remaining Fourteenth Amendment claim, and may not add new claims.

IT IS SO ORDERED.

DATED: November 17, 2008

**Hon. Jeffrey T. Miller
United States District Judge**

cc:   All parties