UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BERNARD BARNO, CDCR #V-69078<br><br>             Plaintiff,<br>v.<br><br>STUART RYAN; JEAN WOODFORD; CORTEZ, Correctional Counselor; HOMER, Correctional Counselor,<br><br>             Defendants. | Civil No.07-cv-1373 JM (WMc)<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR IFP AS MOOT; AND (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[DOC. NOS. 76 and 77.]** |

**A. Motion for Leave to Appeal In Forma Pauperis**

On April 28, 2009, Plaintiff, proceeding *pro se*, filed a Motion for Leave to Appeal *in forma pauperis* ("IFP"). Plaintiff was granted IFP status on October 4, 2007 by the Hon. Jeffrey T. Miller. [Doc. No. 7.] As indicated in the Court's previous order granting IFP, under 28 U.S.C. § 1915(b)(4), "in no event shall a prisoner be prohibited from bringing a civil action or **appealing a civil action** or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4) (emphasis added). Thus, IFP status typically carries forward throughout an appeal in the Ninth Circuit and indeed, this continuing status is noted in the docket entry for Plaintiff's Notice of Appeal at Document Number 75 on the Court's docket as "Filing Fee: No Fee Required". Accordingly, the Court **DENIES Plaintiff's Motion for IFP as Moot.** As explained above, Plaintiff's IFP status continues for purposes of appeal.

///

///

**B.  Plaintiff's Motion For Appointment Of Counsel On Appeal**

Concurrently with his IFP motion, Plaintiff submitted a motion in which he requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1).  [Doc. No. 17.]

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, for example, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to request that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff asks the Court to appoint counsel, contending: (1) the issues involved are serious and complex; and (2) imprisonment limits his ability to litigate due to inmates' generally restricted use of the prison law library. (Plaintiff's Motion, Doc. No. 76, p. 1.)  This Court has considered the merits of Plaintiff's Fourteenth Amendment claim, which has been dismissed twice so far for failure to demonstrate an effect on a constitutionally protected interest as well as failure to show an atypical and significant hardship.  Given the case history, it is clear the likelihood of success on the merits in this action is low.  Moreover, the case is not complex as it presents only one claim under the Fourteenth Amendment and Plaintiff has managed to ably navigate the court process to the appeal stages.  Accordingly, the Court finds exceptional circumstances do not exist to justify appointment of counsel at this time and **DENIES without prejudice Plaintiff's Motion for Appointment of Counsel** pursuant to 28 U.S.C. § 1915(e)(1).

///

///

**Conclusion and Order**

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED** without prejudice [Doc. No. 76]; and

2.  Plaintiff's Motion for IFP is **DENIED as Moot** [Doc. No. 77].

**IT IS SO ORDERED.**

DATED: May 21, 2009

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court